IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 JAN 31  P 12: 16
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| VIRGINIA BEACH MUSIC, CARTER BOYS PUBLISHING, WB MUSIC CORP., MASS CONFUSION MUSIC, CENTER CITY MUSIC, PAL-PARK MUSIC AND EMI FULL KEEL MUSIC CO., <br><br>    Plaintiffs,<br><br>vs.<br><br>MONTGOMERY MAULERS, LLC, JAMIE LAMUNYON AND WAYNE LAMUNYON,<br><br>    Defendants. | CIVIL ACTION NO.<br>2:06cv90-WKW |

## COMPLAINT

Plaintiffs, complaining of the Defendants, by JAMES W. GEWIN, their attorney, allege:

1. This is a suit for copyright infringement under Title 17, U.S.C. Jurisdiction of this Court is based upon Title 28, U.S.C., Section 1338(a).

2. Plaintiffs allege four (4) causes of action for copyright infringement based on the Defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allega-

tions hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Montgomery Maulers, LLC is an Alabama limited liability company which did at the times hereinafter mentioned and still does own, control and manage an indoor football team known as the Montgomery Maulers, and did at the time hereinafter mentioned and still does produce, control, manage, operate and present certain football games for public entertainment and amusement at Garrett Coliseum, located at 1555 Federal Drive, in Montgomery, in the State of Alabama.

5. Defendants Jamie Lamunyon and Wayne Lamunyon are residents of this District and, at all times hereinafter mentioned were and still are Members of Defendant Montgomery Maulers, LLC, with joint responsibility for the control, management, operation and maintenance of the affairs of said company. The acts hereinafter complained of were done with

their active assistance, cooperation, acquiescence and procurement, and they derive financial benefit therefrom.

6. Musical compositions were and are publicly performed as part of the entertainment regularly provided at said football games.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

9. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

10. Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composi-

tion named in Column 3 by giving public performances of the compositions for the entertainment and amusement of the patrons attending Montgomery Maulers football games at the arena referred to in Paragraph 4 above, and Defendants threaten to continue such infringing performances.

    11. The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 on Defendants' premises were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

    12. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

        (a) Defendants have not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

        (b) Despite numerous letters and other contacts by ASCAP representatives informing the Defendants of their

liability under the United States Copyright Law, Defendants have continued to perform copyrighted music without permission during the Montgomery Maulers' football games at the arena referred to in Paragraph 4 above.

   (c) The many unauthorized performances given by Defendants in the manner described above include the performances of the four copyrighted musical compositions upon which this action is based.

   13. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

   14. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in Defendants' said premises, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

                                                /s/
James W. Gewin (GEW001)
Dylan C. Black (BLA084)

OF COUNSEL:

BRADLEY ARANT ROSE & WHITE LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone:  (205) 521-8000
Fax:        (205) 521-8800

                                       Attorneys for Plaintiffs

SERVE DEFENDANTS AT:

c/o Montgomery Maulers, LLC
(All Defendants)
Corporate Office
1050 Eastdale Mall
Montgomery, AL 36117